[No. 16362.   Department One.   March 8, 1922.]

Leavenworth State Bank, *Respondent*, v. Wenatchee Northern Warehouse & Marketing Company, *Appellant*.[1]

Principal and Agent (9)—Evidence of Agency—Sufficiency. An agreement of a box company to furnish a marketing company with a quantity of fruit boxes, over and above the written contract between them for boxes, constitutes a contract of sale and not one of agency.

Frauds, Statute of (22)—Sale of Goods—Contract—Validity. An oral agreement for the sale of fruit boxes of a value amounting to thousands of dollars is void under Rem. Code, § 5290, requiring contracts for the sale of merchandise the value of fifty dollars or more to be in writing.

Appeal from a judgment of the superior court for Chelan county, Grimshaw, J., entered September 30, 1920, upon the verdict of a jury rendered in favor of the plaintiff, in an action on contract. Affirmed.

*Sumner & Lebeck,* for appellant.

*Herman Howe* and *W. O. Parr,* for respondent.

Fullerton, J.—On March 7, 1919, the Leavenworth Box Company, a corporation, entered into a contract with the appellant, Wenatchee Northern Warehouse & Marketing Company by the terms of which the box

[1]Reported in 204 Pac. 1051.

company agreed to sell to the marketing company two hundred thousand fruit boxes of defined specifications, at a price of fourteen cents per box, delivered free on board cars at Wenatchee, Washington. Later on, a written modification of the contract was entered into by which the specifications for one hundred thousand of the boxes were changed, the box company agreeing to deliver in lieu thereof one hundred thousand apple boxes of other specifications, the price and place of delivery to remain the same. This contract was substantially performed by the seller, all of the boxes delivered thereunder being billed to the purchaser at the contract price. The purchaser also bought of the seller some thirty-two thousand boxes, which the box company billed to it at a price of twenty-two cents per box.

The boxes were shipped to the purchaser in carload lots. At the time of the shipments of the separate carload lots, they were invoiced to the purchaser, showing the quantity and kind shipped, the price per hundred, and the total price, with a statement that the account therefor had been assigned to the respondent, Leavenworth State Bank. The statement also directed the purchaser to remit for the amount of the shipment to the bank.

The present action was brought by the Leavenworth State Bank upon thirteen of these assigned accounts, approximating fifteen thousand dollars; the bank admitting in its complaint that the defendant was entitled to certain offsets for freight paid, the precise amount of which it was unable to state.

The defendant answered, admitting the receipt of the boxes, except as to an inconsiderable number, but disputed the price to be paid for the boxes delivered in excess of the number delivered under the written contract. It counterclaimed for the shortage and for the freight paid, and these were admitted to be proper de-

ductions by the plaintiff and there is no controversy here concerning them. It further counterclaimed, alleging that; subsequent to entering into the original written contract, the same parties orally agreed that if the defendant "would secure orders for boxes, for 1919 season, that the [box company] would fill the same at the price of $.15½ f.o.b. Wenatchee;" that the defendant did procure orders for boxes to the number of ninety-seven thousand four hundred; that the box company repudiated the contract and that the defendant was compelled to purchase the 'same in the open market at an advanced price, and at a loss to itself in the sum of $3,991.75. The allegations concerning this counterclaim were put in issue by a denial.

On the trial of the cause, which was had before the court sitting with a jury, the court, after hearing the evidence concerning the last mentioned counterclaim, withdrew its consideration from the jury; directing them to find only on the issues made by the complaint and the denials thereto; also directing them to allow to the respondent the counterclaims which the plaintiff conceded to be just. The jury returned a verdict in favor of the plaintiff for approximately fourteen thousand dollars, and for the amount returned, judgment was entered. The defendant appeals, assigning error on the ruling of the court withdrawing the disputed counterclaim from the consideration of the jury.

The trial court admitted evidence on the disputed counterclaim evidently on the theory that the defendant's allegations with respect thereto could be construed as a contract of agency, withdrawing it when the proofs developed that it was not a contract of that sort. With these conclusions of the trial court we entirely agree. The most that the evidence tended to establish was that the representative of the box company orally promised that the box company would furnish

the defendants with such quantity of boxes, at the price named, over and above the number agreed in writing to be furnished, as their needs for the fruit season of 1919 might require; under no interpretation could it be construed as a contract of agency whereby the box company employed the defendant to procure orders on its behalf for fruit boxes. As an agreement for the sale of boxes, it is unenforcible under the statute (Rem. Code, § 5290; P. C. § 7746) [Rem. Comp. Stat., §5826] requiring contracts for the sale of goods, wares and merchandise of the value of fifty dollars or more to be in writing.

The judgment is affirmed.

PARKER, C. J., MITCHELL, TOLMAN, and BRIDGES, JJ., concur.